RENDERED:  APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0153-MR

DEVERY SHANOWAT                                             APPELLANT

v.

APPEAL FROM PIKE CIRCUIT COURT
HONORABLE EDDY COLEMAN, JUDGE
ACTION NO. 21-CR-00041

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE:  Appellant, Devery Shanowat (Devery), was found guilty of
fourth-degree assault, possession of a firearm by a convicted felon, and being a
first-degree persistent felony offender. He was sentenced to ten-years'
incarceration and he now appeals his judgment and sentence.

On February 23, 2021, a Pike County Grand jury indicted Devery for assault, first degree, charging that on or about December 10, 2020, "he intentionally or wantonly struck Emzy Rogers with his hands and feet and/or a dangerous instrument thereby causing a serious physical injury." The grand jury also charged Devery with possession of a firearm by convicted felon and persistent felony offender, first degree.

The evidence presented at the November 2021 trifurcated trial was conflicting. We have thoroughly reviewed the recorded proceedings, and we find that Appellant's statement of the case is incomplete and inaccurate.

Devery is married to Emzy's and Patsy Rogers's granddaughter, Kodi. Emzy's and Patsy's testimony at trial established that on December 10, 2020, Kodi called them wanting to get some cigarettes. Emzy and Patsy drove over to Kodi's trailer. Kodi came outside and got in their car. Devery subsequently came outside, got into the backseat, and began trying to get Kodi to get out of the car.

Patsy, who was sitting in front, looked around and saw Devery waiving a gun around while arguing with Kodi. Patsy testified that it was a small handgun. Patsy also testified that when she saw the gun, she made an excuse and got out of the car to get help. Meanwhile, Emzy had gotten out of the car to put Kodi's loose dog back inside the trailer. Patsy walked over to the porch and told Emzy "not to go over there" -- that Devery had a gun.

-2-

Emzy told Patsy to go call the police. Emzy also testified that Devery had a gun -- a blue steel .38 with a four-inch barrel.

Patsy went up the road a bit to stay out of sight while she called 911. The 911 call was played for the jury. On the road, Patsy encountered Keith Mulkey, her son-in-law, and told him not to stop -- just to call 911. Patsy testified that she heard a noise, which assumed was a shot. She turned around and saw Devery coming toward her. Patsy testified that Devery told her to "go take care of Papaw." When she got in better view, Patsy saw Emzy lying on the ground with his head in Kodi's lap. Kodi and Gary Damron, a neighbor who was there, assured Patsy that Emzy had not been shot, but he was covered with blood. Patsy put Emzy in the passenger seat of the car and drove him to the hospital, where he was admitted overnight in the ICU with a brain bleed.

Emzy testified that he believed that Devery struck him in the back of the head with a gun. Emzy did not see the blow, but he felt it.

Gary Damron testified. On December 10, 2020, Damron was driving to the store and stopped to help. He saw Kodi sitting on the ground holding Emzy. Emzy was not conscious at that time, but he later regained consciousness. Damron testified that he put his hands behind Emzy's head and that it was covered with blood. Damron also testified that he saw a handgun lying next to Kodi, which he described as a small caliber blue steel pistol with a wood handle. He said that Kodi

handed it to Damron and told him, "Put this in Papaw's car." And so Damron put the gun in Emzy's car the under the rear floor mat on the driver's side. After Patsy and Emzy left for hospital, Damron asked if he could do anything else. Kodi told him no, just to leave. At Kodi's direction, Damron removed the gun from Emzy's car. Kodi put it on the trunk lid of her car.

Kodi also testified. According to Kodi, Emzy and Patsy came to take her and Devery to see their children, who live with their former babysitter. Devery was not ready yet, and so Kodi asked her grandparents to take her to the store. Devery got in the car and asked Kodi to get out because he did not trust Emzy and Patsy. Kodi further testified that Emzy had one hand on the door, one hand on the car, and gestured and said, "You're both going to jail." According to Kodi, Devery got up and took off running; Emzy stepped back, lost his footing, fell on his buttocks first, and then fell flat backward. Kodi denied that Devery had pushed Emzy or that there was a gun on the scene. Kodi testified that she asked if Emzy was okay and helped him up; he said he was fine and that he wanted to leave, and they (Emzy and Patsy) left.

Keith Mulkey testified. On December 10, 2020, Keith was driving to the store and saw an older woman walking toward him, his mother-in-law, Patsy. She begged Keith not to stop. When Keith drove by Kodi's and Devery's trailer, he saw Devery waiving his hand back and forth. Keith testified that Devery had a

-4-

gun, but he was not sure what kind of gun it was. Keith also called 911. He did not see Devery strike Emzy in the head.

Devery testified that Emzy and Patsy had come to take Kodi and him to see their children. Devery did not want to go with Emzy and Patsy because he always felt they were "up to something." According to Devery, Kodi was sitting in the backseat of the car, Patsy was sitting in the front passenger seat, and Emzy was already out of the car by that time. Patsy and Kodi were "having a little fuss." Devery got in the backseat to get Kodi to come back in the house, and they were arguing about the situation.

Devery testified that Patsy got out of the car and started walking toward her house. Emzy was standing by the driver's door talking to Devery and Kodi. Devery decided to get out of the car after Emzy and Patsy threatened to call the police. According to Devery, when he said he was getting out of the car, he said that Emzy came around to the rear door. When Devery went to get up, Emzy "pushed up on me." Devery testified that he pushed Emzy's hands out of the way and took off running. Devery looked back and saw Emzy fall back, hit his butt, and then his head. Devery testified that he went back to see if Emzy was okay. Once Emzy said he was fine, Devery left. He took off running. He encountered Patsy and asked her to check on Emzy. Devery denied that he had a weapon in his

possession or that he struck Emzy with any kind of weapon. According to Devery, there was no gun there at all that day.

After the close of all evidence in the first phase of the trial, the jury was instructed on varying degrees of assault. The jury returned a verdict finding Devery guilty of fourth-degree assault by pushing.

The trial proceeded to phase two in which the jury was asked to consider whether Devery was guilty of being a convicted felon in possession of a firearm. Defense counsel moved for a directed verdict on the theory that Devery could not now be tried for possession of handgun by a convicted felon after having been acquitted of the charge of assault with a deadly weapon. The trial court denied both Devery's motion and his renewed motion for a directed verdict. The jury returned a verdict finding Devery guilty of being a convicted felon in possession of a handgun.

In the third phase of trial, the jury found Devery guilty of being a first-degree persistent felony offender and recommended a cumulative sentence of ten-years' incarceration. Devery was sentenced in accordance with the jury's recommendations on January 9, 2022.

In his appeal, Devery first argues that his conviction for being a felon in possession of a handgun is barred by collateral estoppel. "Collateral estoppel, or issue preclusion, is part of the concept of res judicata and serves to prevent parties

from relitigating issues necessarily determined in a prior proceeding." *Gregory v. Commonwealth*, 610 S.W.2d 598, 600 (Ky. 1980).

> The defendant bears the steep burden of proving that the issue he seeks to foreclose from relitigation was actually decided in the first proceeding. If a fact was not necessarily determined in the former trial, the possibility that it may have been decided does not preclude reexamination of the issue. Stated otherwise, the doctrine extends only to questions of fact distinctly put in issue in the former prosecution and not merely collaterally in question.

*Ordway v. Commonwealth*, 352 S.W.3d 584, 589 (Ky. 2011) (internal quotation marks and citations omitted).

Devery contends that "[i]t was error to proceed into the second phase of the trial, as the jury had determined that there was no firearm involved." We cannot agree.

In a case of a similar vein, *Davis v. Commonwealth*, No. 2005-CA-001304-MR, 2006 WL 2457938, at *2 (Ky. App. Aug. 25, 2006),[1] Davis was "charged with trafficking in the first degree while in possession of a handgun and possession of a handgun by a convicted felon. Although . . . acquitted of the trafficking charge, the same jury in a bifurcated proceeding subsequently convicted him of possession of a handgun by a convicted felon." This Court held that:

---

[1] An unpublished opinion may be considered as permitted by Kentucky Rules of Appellate Procedure (RAP) 41.

Despite the fact that both charges involve a common element, possession of a handgun, the cited offenses are directed at entirely distinct violations of the law. Clearly, a person could be guilty of trafficking while in possession of a handgun without being a convicted felon in possession of a handgun, just as a convicted felon in possession of a handgun may not be guilty of trafficking in controlled substances. Thus, the doctrine of collateral estoppel simply has no application to this case since there was no relitigation on the charge of being a convicted felon in possession of a handgun.

*Id.* at *5.

We agree with the Commonwealth that the doctrine of collateral estoppel is inapplicable to the case before us. In the first phase of the trial, the jury found that Devery injured Emzy by pushing him. However, the jury did ***not*** find that Devery did ***not*** have a pistol on December 10, 2020, which was a separate issue in the second phase of the trial.

Next, Devery contends that the evidence was insufficient to convict him of being a felon in possession of a firearm. The evidence was conflicting, creating a jury issue. As set forth above, several witnesses testified that Devery had a gun. "We have repeatedly held that where there is a direct conflict in the evidence, then the weight of evidence and the credibility of the witnesses are functions peculiarly within the province of the jury, and the jury's determination will not be disturbed." *Jillson v. Commonwealth*, 461 S.W.2d 542, 544 (Ky. 1970). Accordingly, we find no error.

We affirm the judgment of the Pike Circuit Court.


ALL CONCUR.


BRIEF FOR APPELLANT:

Noah R. Friend
Versailles, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky